McDonald, j.
|aThis is an appeal from a summary judgment dismissing the plaintiffs’ claims with prejudice. After a de novo review, we affirm.
FACTS AND PROCEDURAL HISTORY
The Louisiana Chemical Association, Alma Plantation, L.L.C., Louisiana Pigment Company, L.P., Phillips 66 Company, Phillips 66 Pipeline, L.L.C., and Phillips 66 Partners Holdings, L.L.C., (collectively the plaintiffs)[1] filed a petition for declaratory judgment on July 1, 2015, naming as defendants the State of Louisiana, through the Louisiana Department of Revenue; Tim Barfield, in his official capacity as the Secretary of the Louisiana Department of Revenue; *458 the Louisiana Legislature, through John Alario, President of the Louisiana Senate; Charles E. “Chuck” Kleckley, Speaker of the Louisiana House of Representatives; the Louisiana Tourism Promotion District, through the Chairman of its Board of Directors, Harrison Smith; and Bobby Jindal, in his official capacity as Governor of Louisiana.[2] The plaintiffs asserted that the defendants were collectively responsible for the adoption, administration, and enforcement of House Concurrent Resolution (HCR) 8, passed during the 2015 legislative session, which suspended certain exemptions for State sales tax laws from July 1, 2015 until 60 days after the 2016 Regular Session of the Legislature. The plaintiffs asserted that HCR 8 was unconstitutional because it purported to suspend a law without the required two-thirds vote of each house of the Legislature; that it did not satisfy the requirements 14of the Louisiana Constitution; that it was in direct conflict with existing law, and thus could not be given effect; and alternatively, that it was im-permissibly vague and ambiguous, such that it violated due process. The plaintiffs prayed that HCR 8 be declared unconstitutional, and for all other reasonable relief.
The defendants filed a joint motion for summary judgment on November 20, 2015, The defendants asserted that: the financial condition of the State was such that the monies lost to the exemption listed in HCR 8 were critically needed to avoid cessation of vital services; and that legislative instruments were presumed to be constitutional. Further, defendants asserted that there were no genuine issues of material fact that: the plaintiffs had failed to establish that HCR 8 violated the constitution; the plaintiffs had failed to establish that HCR 8 was adopted in violation of the Louisiana Constitution; the plaintiffs had failed to establish that HCR 8 was an unconstitutional amendment of existing laws; the plaintiffs had failed to establish that HCR 8 conflicted with the provisions of Section 3 of Act No. 4 of the 2004 First Extraordinary Legislature; and that the plaintiffs had failed to establish HCR 8 was impermissibly vague and ambiguous. The defendants asked that summary judgment be granted in their favor, that the case be dismissed with prejudice, and that the plaintiffs be cast with costs.
The plaintiffs filed a cross motion for summary judgment on November 20, 2015. The plaintiffs asserted that there was no genuine issue of material fact and that as a matter of law they were entitled to judgment declaring that HCR 8 was ineffective, null and void, or unconstitutional on any or all of the multiple grounds set forth in their petition, for any and all other reasonable relief, and that the defendants be cast with all costs.
IftA hearing on the cross motions for summary judgment was held on December 14, 2015. Thereafter, by judgment dated January 6, 2016,[3] the district court denied the plaintiffs’ motion for summary judgment, granted the defendants’ joint motion for summary judgment, and dismissed the plaintiffs’ claims with prejudice. The plaintiffs have appealed the judgment and make the following assignments of error.
*459 1. The District Court erred by denying Plaintiffs’ Motion for Summary Judgment on grounds that HCR 8 is inconsistent with, and superseded by, Act. No. 4 (1st Ex. Sess. 2004), § 3.
2. The District Court erred by denying Plaintiffs’ Motion for Summary Judgment on grounds of the unconstitutionality of HCR 8 under any or all of the following: La. Const, art. Ill, §§ 14, 15, 16, 18 and 20, and La. Const, art. VII, § 2.
3. The District Court erred by denying Plaintiffs’ Motion for Summary Judgment on grounds of the unconstitutional vagueness and ambiguity of HCR 8.
THE STANDARD OF REVIEW
After a thorough review of the record before us, we note that the material facts of this case are not in dispute. The real issue before us is whether the district court correctly interpreted and applied the law. Appellate review of questions of law is simply a review of whether the trial court was legally correct or legally incorrect. On legal issues the appellate court gives no weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Louisiana Hosp. Ass’n v. State, 2013-0579 (La.App. 1 Cir. 12/30/14), 168 So.3d 676, 685, writ denied, 2015-0215 (La. 5/1/15), 169 So.3d 372.
| ANALYSIS
House Concurrent Resolution 8 provides:
THEREFORE, BE IT RESOLVED that the Legislature of Louisiana hereby suspends all of the exemptions from the tax levied pursuant to R.S. 47:331 for sales of steam, water, electric power or energy, and natural gas, including but not limited to the exemption in R.S. 47:305(D)(l)(b), (c), (d), and (g), and any other exemptions provided in those portions of Chapter 2 of Subtitle II of Title 47 of the Louisiana Revised Statutes of 1950 that provide for exemptions for business utilities from the taxes imposed therein.
BE IT FURTHER RESOLVED that that this suspension shall become effective on July 1, 2015 and shall extend through the sixtieth day after final adjournment of the 2016 Regular Session of the Legislature of Louisiana. ■
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, the plaintiffs assert that the district court erred in denying their motion for summary judgment on the grounds that HCR 8 is inconsistent with, and superseded by, Acts 2004, No. 4, § 3 (1st Ex. Sess.).
Acts 2004, No. 4, § 3 (1st Ex. Sess.) provides that:
It is the intention of the legislature that the tax exemptions made inapplicable, inoperable, and of no effect for the period July 1, 2004, through June 30, 2009, by virtue of the provisions of R.S. 47:302(R) and 331 (P) shall resume, commence, and become effective on July 1, 2010.
The plaintiffs aver that the Legislature’s failure to specifically state that it was suspending Acts 2004, No. 4, § 3 (1st Ex. Sess.) renders HCR 8 null and void. However, the objective of HCR 8 is to suspend the enacted and effective' exemptions for business utilities contained in Chapter 2 of Subtitle II of Title 47, not to suspend the temporary inoperability of these exemptions, which inoperability had ceased five years earlier.
The sources of law are legislation and custom. La. C.C. art, 1. Legislation is a solemn expression of legislative will. La. *460 C.C. art. 2. It is a basic rule of statutory-interpretation that, if a statute is susceptible of two constructions, one of |7which will render it constitutional and the other of which will render it unconstitutional, or raise grave and doubtful constitutional questions, the court will adopt the interpretation of the statute which, without doing violence to its language, will maintain its constitutionality. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 2001-0185 (La. 10/16/01), 797 So.2d 656, 662, citing Hondroulis v. Schuhmacher, 553 So.2d 398, 416-17 (La. 1989) (on rehearing). The latest expression of legislative will is considered controlling and prior enactments in conflict therewith are considered as tacitly repealed. McLane Southern, Inc. v. Bridges, 2011-1141 (La. 1/24/12), 84 So.3d 479, 485.
We And that HCR 8 is a later expression of legislative will, and after a de novo review, we find no merit to the argument that HCR 8 is inconsistent with, and superseded by, Acts 2004, No. 4, § 3 (1st Ex. Sess.)
ASSIGNMENT OP ERROR NO. 2
In this assignment of error, the plaintiffs assert that the district court erred in denying their motion for summary judgment on grounds of the unconstitutionality of HCR 8 under any or all of the following: La. Const, art. Ill, §§ 14, 15, 16,18 and 20, and La. Const, art. VII, § 2.
Louisiana Constitution article III, § 14 provides:
The style of a law enacted by the legislature shall be, “Be it enacted by the Legislature of Louisiana.” It shall be unnecessary to repeat the enacting clause after the first section of an act.
Louisiana Constitution article III, § 15 provides:
(A) Introduction; Title; Single Object; Public Meetings. The legislature shall enact no law except by a bill introduced during that session, and propose no constitutional amendment except by a joint resolution introduced during that session, which shall be processed as a bill. Every bill, except the general appropriation bill and bills for the enactment, rearrangement, codification, or revision of a system of laws, shall be confined to one object. Every bill shall contain a brief title indicative of its object. Action on any matter intended to have the effect of law shall be taken only in open, public meeting.
| «(B) No General Reference. A bill enacting, amending, or reviving a law shall set forth completely the provisions of the law enacted, amended, or revived. No system or code of laws shall be adopted by general reference to it.
(C) Germane Amendments. No bill shall be amended in either house to make a change not germane to the bill as introduced.
(D) Three Readings. Each bill shall be read at least by title on three separate days in each house. No bill shall be considered for final passage unless a committee has held a public hearing and reported on the bill.
(E) Rejected Bills; Reconsideration. No bill rejected by either house may again be introduced or considered during the same session by the house which rejected it without the consent of a majority of the members elected to that house.
(F) Concurrence in Amendments. No amendment to a bill by one house shall be concurred in by the other, and no conference committee report shall be concurred in by either house except by the same vote required for final passage *461 of the bill. The vote thereon shall be by record vote.
(G) Majority Vote; Record Vote. No bill shall become law without the favorable vote of at least a majority of the members elected to each house. Final passage of a bill shall be by record vote. In either house, a record vote shall be taken on any matter upon the request of one-fifth of the elected members.
Louisiana Constitution article III, § 16 provides:
(A) Specific Appropriation for One Year. Except as otherwise provided by this constitution, no money shall be withdrawn from the state treasury except through specific appropriation, and no appropriation shall be made under the heading of contingencies or for longer than one year.
(B) Origin in House of Representatives. All bills for raising revenue or appropriating money shall originate in the House of Representatives, but the Senate may propose or concur in amendments, as in other bills.
(C) General Appropriation Bill; Limitations. The general appropriation bill shall be itemized and shall contain only appropriations for the ordinary operating expenses of government, public charities, pensions, and the public debt or interest thereon.
(D) Specific Purpose and Amount. All other bills for appropriating money shall be for a specific purpose and amount. ln(E) Extraordinary Session. Except for expenses of the legislature, a bill appropriating money in an extraordinary session convened after final adjournment of the regular session in the last year of the term of office of a governor shall require the favorable vote of three-fourths of the elected members of each house.
Louisiana Constitution article III, § 18 provides:
(A) Gubernatorial Action. If the governor does not approve a bill, he may veto it. A bill, except a joint resolution, shall become law if the governor signs it or if he fails to sign or veto it within ten days after delivery to him if the legislature is in session on the tenth day after such delivery, or within twenty days after delivery if the tenth day after delivery occurs after the legislature is adjourned.
(B) Veto Message. If the governor vetoes a bill, he shall return it to the legislature, with his veto message within twelve days after delivery to him if the legislature is in session. If the governor returns a vetoed bill after the legislature adjourns, he shall return it, with his veto message, as provided by law.
(C) Veto Session. (1) A bill vetoed and returned and subsequently approved by two-thirds of the elected members of each house shall become law. The legislature shall meet in veto session in the state capital at noon on the fortieth day following final adjournment of the most recent session, to consider all bills vetoed by the governor. If the fortieth day falls on Sunday, the session shall convene at noon on the succeeding Monday. No veto session shall exceed five calendar days, and any veto session may be finally adjourned prior to the end of the fifth day upon a vote of two-thirds of the elected members of each house.
(2) No veto session shall be held if a majority of the elected members of either house declare in writing that a veto session is unnecessary. The declaration must be received by the presiding officer of the respective houses at least five days prior to the day on which the veto session is to convene.
Louisiana Constitution article III, § 20 provides:
*462 Only the legislature may suspend a law, and then only by the same vote and, except for gubernatorial veto and time limitations for introduction, according to the same procedures and formalities required for enactment of that law. After the effective date of this constitution, every resolution suspending a law shall fix the period of suspension, which shall not extend beyond the sixtieth day after final adjournment of the next regular session.
Louisiana Const, article- III, § 20 provides that the Legislature has the power to suspend a law by the same vote required for final passage of the law proposed to be suspended. Under La. Const, art. Ill, § 15(G), this requires only a majority | invote. The plaintiffs’ argument that La. Const. Art. Ill, § 20 is limited when the Legislature is suspending a tax exemption is not supported by the clear language of La. Const, art. Ill, § 15(G), which provides that no bill shall become law without the favorable vote of at least a majority of the members elected to each house.
Louisiana Constitution article VII, § 2 provides:
The levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature.
The plaintiffs’ argument that HCR 8 must comply with the requirements applicable to levying of a tax or repeal of a tax exemption, that is, two-thirds vote under La. Const, art, VII, § 2, stems from a conclusion that a suspension of a tax exemption is the same as a repeal of a tax exemption. Suspension is the act of temporarily delaying, interrupting, or terminating something. Black’s Law Dictionary (10th ed. 2014). Repeal is the abrogation of an existing law by express legislative act. Black’s Law Dictionary (,10th ed. 2014). Also, we note that tax exemptions themselves are not listed in La. Const, art. VII, § 2, and it is a tax exemption that is being suspended.
The repeal of a law may be accomplished only by the Legislature passing a bill and the bill becoming law, after presentment to the Governor. This effects a permanent change in our law. La. Const, arts. Ill, §§ 15(A) and 17. The suspensive resolution found in HCR 8 does not resolve to enact, amend, or repeal any law. HCR 8 does not contain an enacting clause as otherwise required by our constitution for the enactment of law. La. Const, art. Ill, § 14. The resolution is not a bill, which is the required vehicle for enactment of a law. La. Const, art. Ill, § 15.[4]
|nIn BP Oil Co. v. Plaquemines Parish Gov’t, 93-1109 (La. 9/6/94), 651 So.2d 1322, the trial court recognized that the Legislature provided at various times for suspensions of some of the exemptions provided for in La. R.S. 47:305D of certain personal property from sale and use taxes, and provided that the exemptions were applicable to both state and local taxes. The trial court in that case, reasoning that the suspension of an exemption has the same effect as repealing the exemption during the relevant period, concluded that suspensions of exemptions must also be equally applied to local governments, school boards, and the state. However, the Louisiana Supreme Court found “that we need not decide in this case the meaning or the scope of any uniformity requirement for exemptions or exclusions in [La. Const, art. VI, § 29(D), because the present case involves only the suspension of a law en *463 acted by the Legislature.” BP Oil Co., 651 So.2d at 1337 (per curiam) (on rehearing).
The language of La. Const. Art. VII, § 2 does not provide that the suspension of an exemption of an existing tax shall require the enactment of a law by two-thirds of the elected members of each house of the legislature. A repeal of an existing tax would be a permanent change. A suspension (which is time-limited) of an exemption is not the same thing as a permanent repeal.
Suspensive resolutions are special concurrent resolutions authorized by La. Const. Article III, § 20 of the constitution to be given the force and effect of law. Suspensive resolutions suspend the operation of all or part of an existing law for a specified period of time. The suspension is temporary and does not result in a repeal or amendment of the law. A suspensive resolution cannot be used to suspend provisions of the constitution. 20 La. Civ. L. Treatise, Legis. Law & Proc. § 2:2 Legislative instruments (2016 ed.)
The plaintiffs also assert that HCR 8 is revenue raising legislation and that pursuant to La. Const, art. Ill, § 16, all bills for revenue raising must originate in |1athe house. However, as we have previously stated, HCR 8 is not a bill. Plaintiffs cite Louisiana Federation of Teachers v. State, 2013-0120 (La. 5/7/13), 118 So.3d 1033, in support of their argument. In that case, the Louisiana Supreme Court considered a constitutional challenge to a Senate Concurrent Resolution that allegedly failed to comply with constitutional procedural limitations upon the Legislature, and found that it was necessary to examine both the form and the substance of the legislative measures at issue. In that case, the Senate Concurrent Resolution was found to be unconstitutional, as it was a new matter, intended to have the effect of law.[5] The plaintiffs maintain that, like the Senate Concurrent Resolution in Louisiana Federation of Teachers, HCR 8 is also in substance a bill to raise revenue.
However, we find that the plaintiffs are essentially just repeating their same argument that additional procedures and formalities should be required for the adoption of regulations suspending tax exemptions. In Harrah’s Bossier City Investment Co., LLC v. Bridges, 2009-1916 (La. 5/11/10), 41 So.3d 438, 446, the Louisiana Supreme Court noted that:
[A] “tax exemption is a provision that exempts from tax a transaction that would, in the absence of the exemption, otherwise be subject to tax. That is, there has been a statutory decision not to tax a certain transaction that is clearly within the ambit and authority of the taxing statute.” Bruce J. Oreck, Louisiana Sales & Use Taxation, (2d ed.1996), § 3.1. An exclusion, on the other hand, “relates to a transaction that is not taxable because it falls outside the scope of the statute giving rise to the tax, ab initio.”... Id.
The levy of the initial tax, preceding the decision to grant an exemption, is the manner in which the Legislature raises revenue. Since the tax levy raises the revenues and since the granting of the exemption does not change the underlying tax levy, we find that suspending an exemption is not a revenue raising measure.
I! ¡¡After a de novo review, we find that HCR 8 does not violate La. Const, art. Ill, §§ 14, 15, 16, 18, or 20, nor does it violate La. Const, art. VII, § 2. This assignment of error has no merit.
*464 ASSIGNMENT OF ERROR NO. 3
In this assignment of error, the plaintiffs maintain that the district court erred in failing to grant their motion for summary judgment on the grounds that HCR 8 is unconstitutionally vague and ambiguous. The plaintiffs assert that HCR 8 is void in multiple respects. First, they maintain that it makes no reference to La. R.S. 51:1286; second, that it does not cross-reference the statutes that make the sales tax exemptions in La. R.S. 47:305 applicable to the sales tax imposed by La. R.S. 47:331 and 51:1286(A); and third, that it purports to suspend “any other exemptions” for “business utilities” without defining the term “business utilities.”
A law is fatally vague and offends due process when a person of ordinary intelligence does not have a reasonable opportunity to know what is prohibited so that he may act accordingly or if the law does not provide a standard to prevent arbitrary and discriminatory application. Laws regulating businesses are held to a lesser standard of “definiteness” than statutes imposing criminal penalties. Med Exp. Ambulance Serv., Inc. v. Evangeline Par. Police Jury, 96-0543 (La. 11/25/96), 684 So.2d 359, 367.
A tax exemption is an exceptional privilege that must be expressly and clearly conferred in plain terms. Exemption provisions are strictly construed against the taxpayer claiming the benefit of an exemption and must be unequivocally and affirmatively established by the taxpayer. The taxpayer’s stringent burden is to overcome the judicial maxim that “to doubt is to deny the exemption.” Sherwood Forest Country Club v. Litchfield, 2008-0194 (La. 12/19/08), 998 So.2d 56, 61, modified in part on rehearing, 2008-0194 (La. 2/13/09), 6 So.3d 141. HCR 8 “suspends all of the exemptions from the tax levied |upursuant to R.S. 47:331 for sales of steam, water, electric power or energy, and natural gas”. After a de novo review, we do not find this language to be vague or ambiguous. This assignment of error has no merit.
CONCLUSION
For the foregoing reasons, the district court judgment, dated January 6, 2016, is affirmed. Costs are assessed against the Louisiana Chemical Association, Alma Plantation, L.L.C., Louisiana Pigment Company, L.P., Phillips 66 Company, Phillips 66 Pipeline L.L.C., and Phillips 66 Partners Holdings, L.L.C.
AFFIRMED.

. Alma Plantation, L.L.C., Louisiana Pigment Company, L.P., Phillips 66 Company, Phillips 66 Pipeline L.L.C., and Phillips 66 Partners Holdings, L.L.C., were added as plaintiffs by an amended petition filed on August 10, 2015.

. Former Governor Jindal filed an exception of no cause of action asserting that he was not a proper party defendant, and the exception was granted by the district court, The judgment dismissing the claim against Governor Jindal was signed on October 21, 2015,

. Although the judgment is actually dated January 6, 2015, as the hearing was held on December 14, 2015, this appears to be a clerical error.

. However, a bill is not the only vehicle that carries the effect of law, as suspensive resolutions do also. See La. Const, art. Ill, § 2(A)(3)(a) and (4)(b).

. The Court also considered a constitutional challenge to an Act, which was found to be constitutional in part and unconstitutional in part.