# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #046

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **20th day of October, 2023** are as follows:

**BY Genovese, J.:**

*2023-CA-00398*   *THE CARTESIAN COMPANY, INC. AND GREG GACHASSIN VS. THE DIVISION OF ADMINISTRATIVE LAW ETHICS ADJUDICATORY BOARD PANEL A AND THE LOUISIANA BOARD OF ETHICS* (Parish of East Baton Rouge)

AFFIRMED IN PART, AMENDED IN PART; AFFIRMED AS AMENDED, AND REVERSED IN PART. SEE OPINION.

Hughes, J., concurs in the result.
Crichton, J., concurs in part and dissents in part and assigns reasons.
Crain, J., concurs in part and dissents in part and assigns reasons.
McCallum, J., concurs in part and dissents in part for reasons assigned by Crichton and Crain, J.J.

THE CARTESIAN COMPANY, INC. AND GREG GACHASSIN

VS.

THE DIVISION OF ADMINISTRATIVE LAW ETHICS ADJUDICATORY BOARD PANEL A AND THE LOUISIANA BOARD OF ETHICS

On Appeal from the Court of Appeal, First Circuit, Parish of East Baton Rouge

**Genovese, J.,**

This matter involves the constitutionality of a statute which is part of the Louisiana Ethics Code, La. R.S. 42:1113(B).[1] At issue is whether the trial court erred in granting the motion for summary judgment filed by Plaintiffs/Respondents, The Cartesian Company, Inc. ("Cartesian") and Greg Gachassin (collectively "Plaintiffs"). The trial court ruled that the words "in any way interested in" contained in La. R.S. 42:1113(B) "are hereby struck down, and declared of no effect, as violating both the Federal and State Constitutions because these words . . . are unconstitutionally vague and overbroad . . . as interpreted and applied" to Plaintiffs. The trial court also denied the motion for summary judgment filed by Defendants/Respondents, Division of Administration Law Ethics Adjudicatory Board (Panel A) ("EAB") and the Louisiana Board of Ethics ("BOE")(collectively "BOE").[2] Defendants appealed, and the matter was transferred by the appellate court as a direct appeal to this Court pursuant to La. Const. Art. V, § 5(D). *Cartesian Co., Inc. v. Div. of Admin. L. Ethics Adjudicatory Bd. Panel A* ("*Cartesian III*"), 22-0158

---

[1] Pursuant to La. R.S. 13:4448, this Court sent notice to the Louisiana Attorney General of the challenge to the statute's constitutionality. As of the date of this opinion, the Attorney General has not filed a brief in this appeal.

[2] Effective August 1, 2023, the legislature revised and amended La. C.C.P. art. 966 which governs motions for summary judgment. The parties' motions for summary judgment were filed in 2021; thus, the version of La. C.C.P. art. 966 (2016) which was in effect in 2021 is controlling.

(La. App. 1 Cir. 9/16/22), 352 So.3d 1021. For the reasons discussed below, we find the trial court erred in finding the phrase "in any way interested in" facially unconstitutionally overbroad. Accordingly, we reverse this portion of the judgment. However, we find the trial court correctly determined the phrase was unconstitutionally vague as applied to Plaintiffs and unconstitutionally vague on its face as to all of its applications. As a result, the phrase "or be in any way interested in" is hereby struck from La. R.S. 42:1113(B). The remainder of the statute remains viable and can stand. Accordingly, this portion of the trial court's judgment is affirmed, amended in part, and affirmed as amended.

## FACTUAL AND PROCEDURAL BACKGROUND

The Lafayette Public Trust Financing Authority ("LPTFA") administers the Section 8 Housing Choice Voucher program in Lafayette and West Lafayette.[3] The Louisiana Housing Authorities Law grants municipalities and parishes the authority to establish public housing authorities, and the Lafayette Housing Authority (LHA) was established pursuant to that authority.[4]

Mr. Gachassin served as an appointed trustee/member of the LPTFA from August 19, 2003, until his resignation on November 17, 2009. He served as chairman of the LPTFA from April 6, 2007, until his resignation. Mr. Gachassin is also the sole owner, director, and president of Cartesian, a real estate development firm.

In 2009, the LPTFA became involved in two housing development projects known as Cypress Trails and Villa Gardens.

The Cypress Trails project was an affordable housing development located in Lafayette, Louisiana, which was a project of the LPTFA. On October 30, 2009, the

---

[3] The LPTFA was created pursuant to La. R.S. 9:2341.

[4] La. R.S. 40:391, et seq.

Cypress Trails Corporation ("Cypress Trails Inc.") was incorporated to serve as an instrumentality of the LPTFA in promoting and advancing housing for persons of low income and particularly the elderly or handicapped in the City of Lafayette and Lafayette Parish. According to Richard Becker, general counsel for the LPTFA, Cypress Trails Inc. was created as an instrumentality of the LPTFA to implement the Cypress Trails project.[5] The Board of Commissioners of Cypress Trails Inc. was comprised of the same individuals who served on the LPTFA's Board of Trustees, including Mr. Gachassin, who also served as Cypress Trails Inc.'s first Executive Director.[6] On November 1, 2009, a partnership known as the Cypress Trails Limited Partnership ("Cypress Trails LP") was created between Cypress Trails Inc., as general partner, the LHA, as special limited partner, and Mr. Becker, as a limited partner. In executing the articles of partnership for Cypress Trails LP, Cypress Trails Inc. was represented by Mr. Gachassin, who signed the articles in his capacity as chairman of the LPTFA.[7] The partnership was created to acquire the property to build, own, and operate the Cypress Trails project.

Villa Gardens project was an affordable housing project also located in Lafayette, Louisiana, which was a project of the LHA. In 2006, the LHA requested a loan from the LPTFA in order to purchase the property ultimately used as the site of the Villa Gardens development. Mr. Gachassin's proposal that the $425,000.00 loan be made at an interest rate of three percent per annum was unanimously approved by the LPTFA. On November 1, 2009, a partnership known as the Villa Gardens Limited Partnership ("Villa Gardens LP") was created between Villa Gardens Housing Corporation ("Villa Gardens Inc."), an instrumentality of the

---

[5] *Bd. of Ethics in Matter of Cartesian Co., Inc.*, 16-1556, p. 3 (La. App. 1 Cir. 10/12/17) 233 So.3d 9, 12 ("Cartesian I").

[6] *Id.*

[7] *Id.*

LHA, as general partner, and Walter Guillory, as limited partner. The partnership was created to acquire the property to build, own, and operate the Villa Gardens project.[8]

By a written contract dated November 1, 2009, Cartesian entered into separate "Project Consultant Agreement[s]" with Cypress Trails LP and Villa Gardens LP to oversee the development and construction of the housing projects for a fee of $500,000.00. Mr. Gachassin signed the consultant agreements as "President" of Cartesian.[9] The Cypress Trails project was under the supervision or jurisdiction of LPTFA at that time. Over the course of the next several years, Cartesian fulfilled the terms of the consultant agreements and received full payment of $500,000.00 for each agreement.[10]

On November 4, 2009, Mr. Gachassin, in his capacity as chairman of the Board of Trustees of the LPTFA, participated in a meeting that addressed various issues related to the Cypress Trails and Villa Gardens projects. Mr. Gachassin presented an update and overview of the strategy for the Cypress Trails project. Mr. Gachassin also instructed Mr. Becker to prepare a resolution to authorize and empower the officers of the LPTFA and its counsel "to do all things and take all actions necessary or advisable to cause the LPTFA tax credit affordable housing project Cypress Trails to proceed to closing."[11] This resolution granted authority to the specified officers and general counsel to hire a project consultant for the Cypress Trails project without obtaining further approval of the LPTFA Board of Trustees. The Board of Trustees voted unanimously to proceed with the Cypress Trails project

---

[8] *Cartesian I*, 16-1556, p. 4, 233 So.3d at 12.

[9] At the time Mr. Gachassin signed as president of Cartesian on November 1, 2009, Cartesian's existence as a legal entity was not yet effective, as it was not formed until November 6, 2009. *Cartesian I*, 16-1556, p. 5, 233 So.3d at 13.

[10] *Cartesian I*, 16-1556, pp. 4-5, 233 So.3d at 13.

[11] *Cartesian I*, 16-1556, pp. 5, 233 So.3d at 13.

4

and to adopt the resolution prepared by Mr. Becker. Additionally, the board voted to "recast the existing loan . . . to the [LHA] to a long term, no interest, cash flow loan to be repaid to the LPTFA by the [LHA] out of the cash flow from the Villa Gardens project."[12] The minutes of the meeting did not reflect a recusal by Mr. Gachassin from these votes.[13] On November 17, 2009, Mr. Gachassin resigned from the Board of LPTFA.

### BOE charges/EAB hearing and decision

In 2012, BOE alleged multiple Ethics Code violations against Mr. Gachassin and Cartesian, and a hearing was held before EAB.[14] Pertinent to this appeal, BOE alleged Plaintiffs violated the prohibition set forth in La. R.S. 42:1113(B), which provides:

> Other than a legislator, no appointed member of any board or commission, member of his immediate family, or legal entity in which he has a substantial economic interest shall bid on or enter into or **be in any way interested in** any contract, subcontract, or other transaction which is under the supervision or jurisdiction of the agency of such appointed member [emphasis added].

La. R.S. 42:1155(A) provides:

> If an investigation conducted pursuant to this Part reveals that any public servant or other person has violated any law within the jurisdiction of the Board of Ethics to his economic advantage, and after an adjudicatory hearing on the matter, the Ethics Adjudicatory Board may order the payment of penalties. Recovery may include, in addition to an amount equal to such economic advantage, penalties not to exceed one half of the amount of the economic advantage.

Following a hearing, EAB issued its "Decision and Order" ("decision"). EAB's decision emphasized that in order for Mr. Gachassin to have violated La. R.S.

---

[12] *Cartesian I*, 16-1556, pp. 5-6, 233 So.3d at 13.

[13] *Cartesian I*, 16-1556, p. 6, 233 So.3d at 13.

[14] Louisiana Constitution Article X, § 21 provides:
> The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one or more boards created by the legislature with qualifications, terms of office, duties, and powers provided by law.

5

42:1113(B), BOE had to prove by clear and convincing evidence that: (1) while Mr. Gachassin was an appointed member of a board or commission; (2) he bid on, entered into, or was in any way interested in any contract, subcontract, or other transaction; and, (3) which was under the supervision or jurisdiction of the LPTFA, his agency.[15]  Additionally, it held that to find Cartesian violated La. R.S. 42:1113(B), BOE must prove by clear and convincing evidence that: (1) while Mr. Gachassin had a substantial economic interest in Cartesian; (2) Cartesian bid on, entered into, or was in any way interested in any contract, subcontract, or other transaction; and, (3) which is under the supervision or jurisdiction of the LPTFA, his agency.[16]  EAB found BOE had proven by clear and convincing evidence that Mr. Gachassin, as Cartesian's president, director, sole shareholder, and employer, had a substantial economic interest in Cartesian, and while Cypress Trails was under the supervision or jurisdiction of the LPTFA, the following action ensued:

> On November 1, 2009, during Gachassin's tenure as the Chairman and board member of the LPTFA, Cartesian entered into $500,000 project consultant agreement[] with . . . Cypress Trails LP . . . to provide services on Cypress Trails. . . . Gachassin signed the agreement[ ] in his capacity as President of Cartesian.  His action showed his interest in the agreement[].[17]

EAB concluded: "Because the BOE proved by clear and convincing evidence that Cypress Trails was under the supervision or jurisdiction of the LPTFA, Gachassin violated La. R.S. 42:1113(B) when he **was any way interested** in the project consultant agreement . . . ."[18]  Additionally, EAB found BOE met its burden of proving that Mr. Gachassin had a substantial economic interest in Cartesian, and

---

[15] EAB decision, p. 24.

[16] EAB decision, p. 27.

[17] EAB decision, pp. 24-25.

[18] EAB decision, p. 25 (emphasis added).

while Cypress Trails was under the supervision or jurisdiction of the LPTFA, the following action ensued:

> On November 10, 2009, after Cartesian became a legal entity, it honored the provisions of November 1, 2009 project consultant agreement[] and provided project consultant services on Cypress Trails. . . . By providing these services, Cartesian was **"in any way interested"** in the agreement[]. . . .[19]

Pursuant to La. R.S. 42:1155(A), EAB imposed fines and penalties as a result of the violations, finding that Plaintiffs violated the Ethics Code to their "economic advantage."[20]

### *Appellate court decision (Cartesian I)*

Plaintiffs appealed, and the appellate court reversed in part, vacated in part, amended in part, remanded in part, and affirmed in part EAB's decision.[21] *Bd. of Ethics in Matter of Cartesian Co., Inc.*, ("*Cartesian I*") 16-1556 (La. App. 1 Cir. 10/12/17), 233 So.3d 9. Notably, Plaintiffs argued EAB erred as a matter of law in finding they violated La. R.S. 42:1113(B) with respect to the Cypress Trails project because: (1) the Cypress Trails project was not under the "supervision or jurisdiction" of the LPTFA; and, (2) the phrase "in any way interested [in]" was

---

[19] EAB decision, p. 28 (emphasis added).

[20] Other ethics violations that EAB determined Mr. Gachassin violated were La. R.S. 42:1112(A), (B), and (D) by failing to recuse himself and voting to move forward with the Cypress Trails project and to recast the loan associated with the Villa Gardens project, as well as participating in discussions regarding those matters at the LPTFA meeting; and, La. R.S. 42:1121(A)(1) by assisting Cartesian, in return for compensation, with various transactions involving the LPTFA within two years of his resignation as chairman of the LPTFA. For each of the five Ethics Code violations EAB found Mr. Gachassin committed, EAB imposed a $10,000.00 fine, for a total of $50,000.00. EAB imposed a single fine of $10,000.00 upon Cartesian. Additionally, based on its conclusion, pursuant to La. R.S. 42:1155, that Mr. Gachassin and Cartesian violated the Ethics Code to their "economic advantage," EAB imposed a penalty of $1.5 million, *in solido. Cartesian I*, 16-1556, pp. 7-8, 233 So.3d at 14.

[21] The appellate court reversed EAB's finding that Mr. Gachassin violated La. R.S. 42:1112(B). *Cartesian I*, 16-1556, p. 16, 233 So.3d at 20. Additionally, it held that EAB erred in its legal interpretation of La. R.S. 42:1155(A), vacated the $1.5 million penalty, and remanded the matter to allow EAB to exercise its discretion in imposing a new penalty. *Id.*, 16-1556, p. 27, 233 So.3d at 27. Furthermore, it reduced the $30,000.00 fines imposed on Mr. Gachassin for violating La. R.S. 42:1112 to $10,000.00, and it affirmed the two $10,000.00 fines imposed on Mr. Gachassin for violating La. R.S. 42:1113(B) and 42:1121(A), as well as the $10,000.00 fine imposed on Cartesian for violating La. R.S. 42:1113(B). *Id.*, 16-1556, pp. 29-30, 233 So.3d at 28.

unconstitutionally "vague and overbroad." *Cartesian I*, 16-1556, p. 17, 233 So.3d at 20.

The appellate court found Plaintiffs' argument that the Cypress Trails project was not under the supervision or jurisdiction of the LPTFA meritless and affirmed EAB's decision that Mr. Gachassin and Cartesian violated section (B) of La. R.S. 42:1113. *Cartesian I,* 16-1556, pp.17-19, 233 So.3d at 20-22.

As to Plaintiffs claim that the phrase "in any way interested [in]" set forth in La. R.S. 42:1113(B) was unconstitutionally overbroad, general, and vague, the appellate court did not consider the issue reasoning that it was not properly before it. The appellate court emphasized that EAB lacked authority to consider the constitutional issue as that issue had to first be raised in the trial court. *Cartesian I,* 16-1556, p. 20, 233 So.3d at 22.

Plaintiffs did not seek review of the appellate court's decision; thus, it became final. *See* La. C.C.P. art. 2166 (A)("The judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed.").

### *Declaratory judgment action*

After *Cartesian I*, Plaintiffs filed in the trial court a declaratory judgment action against BOE and EAB, alleging La. R.S. 42:1113(B) was unconstitutional. In particular, they asserted the language in the statute, "in any way interested in," was unconstitutionally "broad, vague, and general" as it failed to provide notice of the prohibited conduct.[22] They argued "in any way interested in" was not defined in the Ethics Code, in the charges against it, or in EAB's ruling. Plaintiffs asserted that the same phrase was held unconstitutional in *State v. Murtes*, 94 So.2d 446, 448 (La.

---

[22] Plaintiffs also argued that the $1.5 million penalty was unconstitutionally confiscated. However, this issue was not raised in the motion for summary judgment, the trial court's judgment, or in brief to this Court, except to the extent they argue the statute was penal in nature as evidenced by the fine/penalty.

1957), wherein this Court held the words "'in any way interested' are so broad, general and vague as to fail to define the offense which the statute seeks to prohibit; and moreover it fails to constitutionally inform the purported offender of the action denounced as an offense."

Plaintiffs requested that the court declare the phrase unconstitutionally "general, vague, and overly broad, as purportedly interpreted and applied" and dismiss EAB's finding that they violated La. R.S. 42:1113(B).

During the course of the declaratory judgment litigation, Plaintiffs filed a notice of deposition directed to BOE pursuant to La. C.C.P. art. 1442.[23] In response, BOE filed a motion to quash, arguing the evidence sought was irrelevant to the constitutional challenge. The trial court denied the motion, and BOE sought review. On appeal, a five judge panel (with one concurrence) granted the writ and reversed the trial court's judgment, writing in pertinent part:

> We find that the trial court erred in denying the Louisiana Board of Ethics' motion to quash the second La. Code Civ. P. art. 1442 notice of deposition and reverse the trial court's October 28, 2019 ruling. This matter does not involve First Amendment freedoms[;] and[,] therefore[,] the plaintiffs', Greg Gachassin and The Cartesian Company, Inc.'s, vagueness challenge to La. R.S. 42:1113(B) must be examined in light of the facts of the case at hand and as applied to them. *State v. Boyd,* 97-0579 (La. 4/14/98), 710 So.2d 1074, 1076. They may not speculate about hypothetical conduct that could also be prosecuted under the same statute. *State v. Hair,* 2000-2694 (La. 5/15/01), 784 So.2d 1269, 1273. Accordingly, the plaintiffs failed to show the requested information is discoverable herein. La. Code Civ. P. art. 1422.

*Cartesian Co., Inc. v. Div. of Admin. L. Ethics Adjudicatory Bd. Panel A*, 20-0103, 2020 WL 3639539, at *1 (La. App. 1 Cir. 7/6/20), *writ denied*, 20-01053 (La. 11/10/20), 303 So.3d 1044 ("*Cartesian II*").

---

[23] La. C.C.P. art. 1442 provides in pertinent part: "A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested."

### *Motions for Summary Judgment*

In April of 2021, the parties filed cross motions for summary judgment.

BOE argued it was entitled to summary judgment as a matter of law, as there were no genuine issues of material fact that the phrase "in any way interested in" set forth in La. R.S. 42:1113(A) was not unconstitutionally overbroad or vague. BOE asserted that the phrase was not overbroad, as it did not infringe upon constitutionally protected conduct, and the phrase was not unconstitutionally vague because it clearly proscribed the conduct at issue—the execution of the consulting agreement by Mr. Gachassin as President of Cartesian with Cypress Trails LP, while Cypress Trails Projects was under the supervision or jurisdiction of LPTFA, of which Mr. Gachassin was a member. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S. Ct. 1186 (1982)(discussed *infra*). BOE emphasized that laws regulating business are held to a lesser standard of definiteness than statutes imposing criminal penalties. *See, Id.*, 455 U.S. at 498; *La. Chem. Ass'n. v. State through the La. Dept. of Rev.*, 16-0501, p. 13 (La. App. 1 Cir. 4/7/17), 217 So.3d 455, 464, *writ denied*, 17-0761 (La. 9/22/17), 227 So.3d 826 (citation omitted). In support of its motion, BOE attached as exhibits EAB's decision and BOE's post-hearing memorandum dated April 28, 2016. Plaintiffs filed a motion to strike BOE's exhibits.

Plaintiffs also filed a motion for summary judgment, contending the phrase "in any way interested in" set forth in La. R.S. 42:1113(B) was unconstitutionally overbroad and vague. They reiterated EAB found them in violation of La. R.S. 42:1113(B) because they were in any way interested in the Cypress Trails contract, which resulted in the imposition of fines and penalties pursuant to La. R.S. 42:1155(A). Plaintiffs asserted that because a violation of La. R.S. 42:1113(B) resulted in imposition of fines and penalties, La. R.S. 42:1113(B) was penal in nature and subject to the construction under the criminal statutes, and it should be strictly

construed. Plaintiffs emphasized the United States Supreme Court in *Sessions v. Dimaya*, 584 U.S. ___, 138 S.Ct. 1204, 1212, 200 L.Ed.2d 549 (2018),[24] held that the prohibition of vagueness in criminal statutes is an "essential" of due process. Plaintiffs continued in further asserting that, "[t]he void-for-vagueness doctrine . . . guarantees that ordinary people have 'fair notice' of the conduct a statute proscribes." *Id*. (citing *Papachristou v. Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839 (1972)). Plaintiffs argued under Louisiana law that a statute is vague if its meaning is not clear to the average citizen or if an ordinary person of reasonable intelligence is incapable of discerning its meaning and conforming his conduct to it. *State v. Barthelemy*, 545 So.2d 531, 532-533 (La. 1989).

Plaintiffs asserted that *Murtes*, 94 So.2d 446, was controlling law in this case as this Court held the same phrase, "in any way interested in," as set forth in La. R.S. 48:422, was unconstitutionally vague. Louisiana Revised Statutes 48:422 provided in part that "no member of the legislature or officer of the executive department of the state shall **be in any way interested in** any contract for the building or improving of any highway or any other public work . . . (emphasis added)." Plaintiffs contended, as in *Murtes*, that neither the Ethics Code, BOE, EAB, nor case law define the phrase "in any way interested in." In support of their motion for summary judgment, Plaintiffs attached as exhibits the affidavit of Mr. Gachassin, the transcript of EAB April, 2016 hearing, and the petition for declaratory judgment.

BOA opposed the motion, asserting Plaintiffs had adequate notice of the prohibited conduct.

Following a hearing, the trial court rendered a judgment. The judgment was silent as to Plaintiffs' motion to strike. The judgment granted Plaintiffs' motion for

---

[24] *Sessions* involved an alien removal case. Although civil in nature, the United States Supreme Court has determined such cases will be reviewed under the established criteria of the void for vagueness doctrine applicable to criminal laws. *Id*., 138 S.Ct. at 1213.

summary judgment and denied BOE's motion for summary judgment. The initial judgment by the trial court was silent as to the issue of constitutionality, but implied the phrase in question was unconstitutionally vague. On appeal, the appellate court held the judgment lacked decretal language and remanded the case to the trial court for the limited purpose of correcting the judgment's deficiencies. On remand, the trial court amended its judgment, providing in pertinent part:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment on behalf of The Cartesian Company and Greg Gachassin and against the Louisiana Board of Ethics is GRANTED, and, accordingly the challenged words "in any way interested in," as contained and identified in La. R.S. 42:1113(B) be and are hereby struck down, and declared of no effect, as violating both the Federal and State Constitutions, because these words in the penal statute are unconstitutionally vague and overbroad, and, as interpreted and applied to The Cartesian Company and Greg Gachassin by the Louisiana Board of Ethics and by the Ethics Adjudicatory Board, Division of Administrative Law, in proceedings entitled In the Matter of The Cartesian Company and Greg Gachassin . . . pending before the Ethics Adjudicatory Board.

The trial court adopted the written reasons provided by Plaintiffs to support the judgment. In its written reasons,[25] the trial court held that *Murtes*, 94 So.2d 446, was controlling law because this Court found the exact phrase unconstitutional. It opined La. R.S. 42:1113 was penal in nature, thus, it should be strictly construed, with the rule of lenity applied in favor of Plaintiffs.

BOE appealed, and the appellate court held it had no jurisdiction to consider the constitutional matter opining, in pertinent part: "Because the judgment at issue declared a portion of La. R.S. 42:1113(B) facially unconstitutional and unconstitutional as applied to the plaintiffs, the Louisiana Supreme Court has exclusive appellate jurisdiction over this appeal pursuant to La. Const. Art. V, Sec. 5(D)." *Cartesian III*, 22-0158, p. 3, 352 So.3d at 1023 (footnote omitted).

---

[25] Although a trial court's reasons for judgment are not binding, an appellate court may use them to gain insight on the judgment. *Bernstein v. Bernstein*, 19-1106, p. 13 (La. App. 4 Cir. 2/10/21), 313 So.3d 413, 423, *writ denied,* 21-00390 (La. 5/4/21), 315 So.3d 220, and 21-00380 (La. 5/4/21), 315 So.3d 222 (citations omitted).

This direct appeal by BOE followed.

## DISCUSSION

BOE raises multiple issues challenging the trial court's judgment granting Plaintiffs' motion for summary judgment and denying BOE's motion for summary judgment.[26] In reviewing the trial court's judgment, we will review whether the trial court's ruling that the phrase "in any way interested in" set forth in La. R.S. 42:1113(B) is unconstitutionally overbroad and vague on its face and as applied to Plaintiffs was correct.[27]

### *Burden Of Proof/Standard of Review*

This Court applies a *de novo* standard of review in considering the lower courts' rulings on summary judgment motions and uses the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *See*

---

[26] In its brief to this Court, BOE assigns the following errors:
    1. The District Court erred by finding La. R.S. 42:1113(B) unconstitutional on its face and not following the prior pronouncement of the First Circuit Court of Appeal in this matter.
    2. The District Court erred by applying *Murtes* to La. R.S. 42:1113(B).
    3. The District Court erred by failing to apply the legal precedent of *Broussard,* which found La. R.S. 42:1113(B) constitutional.
    4. The District Court erred in its application of the Rule of Lenity to the phrase "in any way interested" as contained in La. R.S. 42:1113(B).
    5. The District Court erred by finding that Appellees met their burden of proof on summary judgment and holding La. R.S. 42:1113(B) unconstitutional on its face.
    6. The District Court erred by finding that Appellees met their burden of proof on summary judgment and holding La. R.S. 42:1113(B) unconstitutionally vague as applied.
    7. The District Court erred by not granting the BOE's *Motion for Summary Judgment* as the evidence submitted by Appellees proves that Appellees are not entitled to judgment as a matter of law.
    8. The District Court erred by improperly considering Appellees' *Motion to Strike* and *Ex-Parte Motion to Strike.*

[27] The party challenging the constitutionality of a statute must satisfy three steps: (1) raise the unconstitutionality in the trial court; (2) the unconstitutionality of a statute must be specially pleaded; and, (3) the grounds outlining the basis of unconstitutionality must be particularized. *State v. Hatton*, 07-2377, p. 14 (La. 7/1/08), 985 So.2d 709, 719 (citing *State v. Schoening,* 00-0903, p. 3 (La. 10/17/00), 770 So.2d 769, 764, and *Vallo v. Gayle Oil Co.,* 94-1238, p. 8 (La. 11/30/94), 646 So.2d 859, 864-65). "The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute," and provide the trial court with "thoughtful and complete arguments relating to the issue of constitutionality as well as furnish reviewing courts with an adequate record upon which to consider the constitutionality of the statute." *Hatton*, 07-2377, pp. 14-15, 985 So.2d at 719 (citing *Schoening,* 00-0903, p. 3, 770 So.2d at 764, and *Vallo,* 94-1238, p. 8, 646 So.2d at 865). In this case, Plaintiffs met all three steps challenging the constitutionality of the phrase set forth in La. R.S. 42:1113(B) under overbreadth, although briefly, and the vagueness doctrines.

*Catahoula Par. Sch. Bd. v. La. Mach. Rentals, LLC*, 12-2504, p. 8 (La. 10/15/13), 124 So.3d 1065, 1071 (footnotes omitted). On a motion for summary judgment, the burden of proof remains with the mover. However, if the moving party will not bear the burden of proof on the issue at trial and points out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. La. C.C.P. art. 966(D)(1).

Additionally, "[t]he determination of whether a statute . . . is constitutional presents a question of law, which is reviewed by this Court *de novo.*" *Westlawn Cemeteries, L.L.C. v. La. Cemetery Bd.*, 21-01414, p. 12 (La. 3/25/22), 339 So.3d 548, 559 (citations omitted).

In *Carver v. Louisiana Department of Public Safety*, this Court set forth the applicable law when reviewing the constitutionality of a statute:

> All statutory enactments are presumed constitutional, and every presumption of law and fact must be indulged in favor of legality. *Moore v. RLCC Technologies, Inc.*, 95-2621 (La. 2/28/96), 668 So.2d 1135. . . . The presumption is especially forceful in the case of statutes enacted to promote a public purpose. *Polk v. Edwards*, 626 So.2d 1128, 1132 (La. 1993). The legislature is given great deference in the judicial determination of a statute's constitutionality, and legislators are presumed to have weighed the relevant constitutional considerations in enacting legislation. *Greater New Orleans Expressway Commission v. Olivier*, 04-2147 (La. 1/19/05), 892 So.2d 570, 573. Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving it is unconstitutional. *State v. Brenan*, 99-2291 (La. 5/16/00), 772 So.2d 64, 67. The burden plaintiffs carry in challenging the constitutionality of a statute is a heavy burden. It is not enough for a person challenging a statute to show that its constitutionality is fairly debatable; it must be shown clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact the statute. *Hite v. Larpenter*, 04-1821 (La. App. 1 Cir. 9/23/05), 923 So.2d 140, 145, *writ denied*, 05-2255 (La. 3/10/06), 925 So.2d 511.
>
> . . . .
>
> Because of the presumption of constitutionality, in determining the validity of a constitutional challenge, a Court "must construe a

14

statute so as to preserve its constitutionality when it is reasonable to do so." *M.J. Farms, Ltd. v. Exxon Mobil Corporation*, 07-2371, p. 22 (La. 7/1/08), 998 So.2d 16, 31.

*Carver*, 17-1340, pp. 5-6 (La. 1/30/18), 239 So.3d 226, 230.

### *Plaintiffs' Motion for Summary Judgment*

#### *Overbreadth doctrine*

The overbreadth doctrine is a creature unique to the First Amendment. *State v. Sandifer*, 95-2226, p. 12 (La. 9/5/96), 679 So.2d 1324, 1332. In *Village of Hoffman Estates,* 455 U.S. at 494 (footnotes omitted), the United States Supreme Court, in reviewing a non-criminal regulatory statute, set forth the analysis when reviewing a facial challenge under the overbreadth doctrine and held in pertinent part: "In a facial challenge to the overbreadth . . . of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally [First Amendment] protected conduct. If it does not, then the overbreadth challenge must fail." *See also, State v. Smith*, 13-2318, p. 8 (La. 1/28/14), 144 So.3d 867, 873. In *Smith*, 13-2318, p. 7, 144 So.3d at 873 (citation omitted), this Court emphasized the overbreadth doctrine is to be used "sparingly" and "only as a last resort." There must be "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Id*. (quoting *Members of City Council of City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 801, 104 S.Ct. 2118, 2126 (1984)). We find no First Amendment freedom is at issue herein; thus, Plaintiffs' overbreadth challenge fails. As a result, the trial court erred in finding the phrase unconstitutionally overbroad on its face.

#### *Vagueness challenge*

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298 (1972); *see also, La. Chem. Ass'n*, 16-0501, p. 13,

217 So.3d at 464 ("A law is fatally vague and offends due process when a person of ordinary intelligence does not have a reasonable opportunity to know what is prohibited so that he may act accordingly or if the law does not provide a standard to prevent arbitrary and discriminatory application.").[28]

The United States Supreme Court in *Village of Hoffman Estates,* 455 U.S. at 494-95 (footnotes omitted), set forth the analysis for a challenge to the vagueness of a law:

> The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications.[29] A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.[30]

Additionally, this Court, in *State v. Hair*, 00-2694, p. 5 (La. 5/15/01), 784 So.2d 1269, 1273, addressed a vagueness challenge and held in pertinent part:

> It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. *United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975); *State v. Boyd,* 97-0579 (La. 4/14/98), 710 So.2d 1074. A defendant engaged in

---

[28] United States Constitution Amendment XIV provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." Louisiana Constitution Article I, § 2 provides: "No person shall be deprived of life, liberty, or property, except by due process of law."

[29] We note in *Robinson v. Gov't of the D.C.*, 234 F. Supp.3d 14, 19 (D.D.C. 2017)(citing *United States Telecom Ass'n v. F.C.C.*, 825 F.3d 674, 735 (D.C. Cir. 2016), the federal district court emphasized that the Supreme Court, in *Johnson v. United States*, 576 U.S. 591, 602, 135 S.Ct. 2551, 2560-61 (2015), cast doubt in the "in all of its applications" standard set forth in *Village of Hoffman Estates*, but did not precisely define what standard governs facial vagueness challenges.

[30] In *Village of Hoffman Estates*, 455 U.S. at 495 n. 7, the Court expounded:
"One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974). The rationale is evident: to sustain such a challenge, the complainant must prove that the enactment is vague "'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' *Coates v. City of Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971). Such a provision simply has *no* core." *Smith v. Goguen*, 415 U.S. 566, 578, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605 (1974).

conduct clearly described in a statute cannot complain of the vagueness of the statute as applied to others. *Melugin v. Hames,* 38 F.3d 1478, 1486 (9th Cir.1994). A defendant may not establish that a statute is unconstitutionally vague by speculating about hypothetical conduct which could also be prosecuted under the same statute. *State v. Sandifer,* 95-2226, p. 10 (La. 9/5/96), 679 So.2d 1324, 1331-32 (*citing City of Baton Rouge v. Norman,* 290 So.2d 865, 868 (La. 1974)).

*See also, State v. Turner*, 05-2425, p. 14 (La. 7/10/06), 936 So.2d 89, 99 ("Because the defendant did not establish the statute was vague as it pertained to his conduct, the trial court prematurely found the statute was unconstitutionally vague.)"

As declared by the appellate court in *Cartesian II*: "[T]his matter does not involve First Amendment freedoms, and therefore the plaintiffs'. . . vagueness challenge to La. R.S. 42:1113(B) must be examined in light of the facts of the case at hand and as applied to them." *Id.*, 20-0103, 2020 WL 3639539, at *1.[31]

Before reviewing the statute for vagueness in light of the facts, we examine the standards for evaluating vagueness:

> The standards for evaluating vagueness were enunciated in *Grayned v. City of Rockford*, 408 U.S. 104, 108-109, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972):
>> "Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." (footnotes omitted).

---

[31] BOE asserts that the appellate court's decision in *Cartesian II*, 20-0103, 2020 WL 3639539, at *1, held that because Plaintiffs' vagueness challenge to La. R.S. 42:1113(B) did not involve First Amendment freedoms, it "must be examined in light of the facts of the case at hand and as applied to them" was law of the case and binding on the trial court. *See Jones v. McDonald's Corp.,* 97-2287, pp. 4-5 (La. App. 1 Cir.1998), 723 So.2d 492, 494. However, the law of the case doctrine does not apply in the context of a trial court ruling on interlocutory issues. *See Land v. Vidrine*, 10-1342, p. 9 (La. 3/15/11), 62 So.3d 36, 42. The trial court's judgment, which involved a preliminary discovery matter against a party to the action, is interlocutory and non-appealable. *See Fortenberry v. Scottsdale Ins. Co.*, 17-25 (La. App. 5 Cir. 10/25/17), 233 So.3d 161. Thus, the law of the case doctrine is inapplicable. Notwithstanding, the holding by the court in *Cartesian II* is the proper law to be applied in this case.

> [T]hus, economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action. Indeed, the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process. The Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe. And the Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed.

*Vill. of Hoffman Ests.*, 455 U.S. at 498-99 (footnotes omitted); *see also*, *Med Express Ambulance Services, Inc. v. Evangeline Par. Police Jury*, 96-0543, p. 11 (La. 11/25/96), 684 So.2d 359, 367 (wherein this Court discussed a vagueness challenge to a non-criminal business regulation and held, quoting *Village of Hoffman Estates,* 455 U.S. at 497 n. 7, that "[t]o sustain a challenge for vagueness, the opponent of the ordinance must prove that the ordinance is vague not in the sense that it requires a person to conform . . . to an imprecise but comprehensible normative standard, but rather in the sense that no standard conduct is specified at all[.]"). In *State v. Boyd*, 97-0579, p. 3 (La. 4/14/98), 710 So.2d 1074, 1076 (citations omitted), in dicta, this Court, to lend guidance in reviewing a criminal statute on the basis of vagueness, held in pertinent part: "[T]he statute must not contain a standard so vague that the public is uncertain as to the proscribed conduct and the factfinder is unfettered by any legally fixed standards as to what is prohibited by the statute." The *Boyd* Court emphasized "the fact that a statute's terms are subjective and susceptible to interpretation does not render it vague," and "[d]ue process requires only that the language of a statute have generally accepted meaning so that a person of ordinary and reasonable intelligence is capable of discerning its proscriptions and is given fair notice of the conduct which is forbidden by its terms." *Id*. (citations omitted). In comparison, a vague statute prohibits no specific or definite act and "leaves open the widest conceivable inquiry, the scope of which no one can foresee and the result of

which no one can foreshadow or adequately guard against." *Boyd*, 97-0579, p. 3, 710 So.2d at 1076-77 (citing *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 319-20, 46 L.Ed.2d (1975)*; United States v. L Cohen Grocery Co.,* 255 U.S. 81, 89, 41 S.Ct. 298 (1921)).  In *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253, 132 S.Ct. 2307, 2317 (2012), the United States Supreme Court opined that "a regulation is not vague because it may at times be difficult to prove, but rather because it is unclear as to what fact must be proved."

Generally, civil statutes are held to a lesser standard of definiteness than statutes imposing criminal penalties. *See Med Exp. Ambulance Service, Inc.*, 96-0543, p. 11, 684 So.2d at 367.  In this case, BOE asserts the statute is civil in nature and the lesser standard of definiteness applies.[32]  In contrast, Plaintiffs assert the statute is penal in nature and a stricter standard of definiteness applies.[33]  Whether

---

[32] In support thereof, BOE cites *Glazer v. Commission on Ethics for Public Employees*, 431 So.2d 752, 760 (La. 1983), wherein this Court held the Code of Ethics was not penal in nature and, therefore, subject to a less strict standard of specificity than criminal law. *See also, Bonomo v. La. Downs, Inc.*, 337 So.2d 553, 559 (La. App. 2nd Cir. 1976)(wherein, although in dicta, the appellate court opined: "There is a distinction in construing civil statutes where admittedly vague words are employed and where no criminal penalty is imposed (with terms such as just cause, good moral character, financial ability) from criminal statutes. See Annotation of U.S. Supreme Court cases on this subject, 40 L.Ed.2d 823 (1975).").

[33] In *Gibbs Construction. Co. v. State, Department of Labor*, 540 So.2d 268, 269 (La. 1989), this Court emphasized that statutes which authorize the imposition of a penalty are to be strictly construed. Plaintiffs assert that because a violation of La. R.S. 42:1113(B) resulted in imposition of fines or penalties, La. R.S. 42:1113(B) was penal in nature and subject to construction under the criminal statutes, and it should be strictly construed. The trial court agreed. In support, the trial court cited *Louisiana Board of Ethics v. Randolph*, 13-1509, 2014 WL 4198343 at p. 3 n. 3 (La. App. 1 Cir. 8/21/14), *writ denied*, 14-1987 (La. 11/21/14), 160 So.3d 974, wherein a footnote, the appellate court espoused:
> We are aware that in *Glazer v. Commission on Ethics for Public Employees,* 431 So.2d 752, 759-60 (La.1983), the Supreme Court stated with little discussion that the Code of Ethics was not penal in nature. However, since *Glazer* was decided over thirty-years ago, the Supreme Court has held on several occasions, as has this Court, that statutes that impose civil fines or penalties are penal in nature and must be strictly construed. *See Katie Realty, Ltd. v. Louisiana Citizens Property Insurance Corporation,* 12-0588 (La. 10/16/12), 100 So.3d 324, 328-31; *Iberia Medical Center v. Ward,* 09-2705 (La. 11/30/10), 53 So.3d 421, 433-34; *Gibbs Construction Company, Inc. v. State, Department of Labor,* 540 So.2d 268, 269 (La. 1989). We believe the latter decisions indicate a shift in the Supreme Court's position regarding the penal nature of statutes, including provisions of the Code of Ethics, that impose civil fines and penalties.

The cases cited in support by the *Randolph* court did not involve Ethics Code violations. *See Katie Realty, Ltd. v. Louisiana Citizens Prop. Ins. Corp.*, 12-0588 (La. 10/16/12), 100 So.3d 324 (wherein at issue was the interpretation of statutes imposing a penalty if the insurer failed to timely pay settlement funds); and *Iberia Med. Ctr. v. Ward*, 09-2705 (La. 11/30/10), 53 So.3d 421

the statute at issue is penal in nature need not be resolved because, under a strict or less stringent construction standard, we find, for the reasons discussed *infra*, the phrase "in any way interested in" is unconstitutionally vague as applied to Plaintiffs and unconstitutionally vague on its face in all of its applications.[34]

As discussed *supra*, La. R.S. 42:1113(B) provides:

> Other than a legislator, no appointed member of any board or commission, member of his immediate family, or legal entity in which he has a substantial economic interest shall bid on or enter into or **be in any way interested in** any contract, subcontract, or other transaction which is under the supervision or jurisdiction of the agency of such appointed member [emphasis added].

Plaintiffs assert that the phrase "in any way interested in" is vague, and this Court has previously held the same phrase unconstitutional in *Murtes*, 94 So.2d 446.[35] The *Murtes* Court held the criminal statute failed to define the phrase "in any way interested in" as to inform the purported offender of the action denounced as an offense. *Id.*, 94 So.2d at 448. Plaintiffs emphasize that the United States Fifth Circuit Court of Appeals has held that, "when entertaining a facial challenge to state or municipal legislation, '[v]agueness can be ameliorated by a state court's authoritative interpretations, if they provide sufficient clarity.'" *Roy v City of Monroe*, 950 F.3d 245, 252 (5th Cir 2020)(quoting *Serv. Emps. Int'l Union, Local 5 v. City of Houston*, 595 F.3d 588, 597 (5th Cir. 2010)). Plaintiffs urge the Ethics

---

(wherein this Court characterized the workers' compensation statute imposing penalties and attorney's fees penal in nature, and applied a strict construction of the statute at issue).

[34] In *State v. Golston*, 10-2804 (La. 7/1/11), 67 So.3d 452, the defendants argued that the Sex Offender Assessment Panels (SOAP)(La. R.S. 15:560 *et seq.*), which monitored the defendants' behaviors after release, was unconstitutionally vague. This Court, because SOAP was a regulatory, rather than a criminal, statutory scheme, suggested a void for vagueness constitutional analysis to determine whether the scheme comports with due process was not proper. *Id.*, 10-2804, pp. 15-16, 67 So.3d at 463. Notwithstanding, this Court has addressed the vagueness doctrine in cases where a non-criminal statute was challenged as unconstitutionally vague. *See Med Exp. Ambulance Serv., Inc.,* 684 So.2d 359 and *Louisiana Chem. Ass'n*, 217 So.3d 455.

[35] BOE contends any reference to *Murtes* is merely a red herring. It argues there are three separate means for Plaintiffs to have violated the Ethics Code under La. R.S. 42:1113(B), and this Court need not analyze the phrase "in any way interested in" since Plaintiffs admit they entered into a contract with LPTFA. However, EAB found Plaintiffs violated the statute on that basis, and EAB's decision was affirmed by the appellate court and became final.

Code lacks a definition of the phrase, and EAB's opinions or case law fail to define the phrase. Plaintiffs contend it had no notice of the meaning of "in any way interested in" and did not believe their participation in the project with the full knowledge of the LPTFA was an ethical violation. Plaintiffs assert that, as in *Murtes,* the statute's failure to "indicate, determine or define the interest which it seeks to prohibit is . . . fatal." *Id*., 94 So.2d at 447.

BOE asserts Plaintiffs failed to prove under no circumstances that the prohibition in the phrase would be valid. BOE maintains that a reasonable interpretation of La. R.S. 42:1113(B) provides Plaintiffs notice that contracting for profit related to projects under the authority of the LPTFA constituted violations of the Ethics Code.[36] BOE emphasizes that courts have a duty to adopt a construction of a statute that harmonizes and reconciles it with other provisions dealing with the same subject. *See Turner v. East Baton Rouge Par. Sch. Bd.*, 17-1769, p. 4 (La. App. 1 Cir. 6/4/18), 252 So.3d 990, 993. BOE asserts that a plain reading of the phrase "in any way interested in" with the other provisions of the Ethics Code makes it clear the phrase is concerned with a public servant's financial or pecuniary interests and

---

[36] BOE references a Florida Supreme Court case wherein the same phrase was challenged as unconstitutionally vague. In *State v. Dinsmore*, 308 So.2d 32, 37-38 (Fla. 1975), the statute at issue was similar to the one in *Murtes*:

> It is unlawful for any commissioned or other officer of this state, or for any officer elected or otherwise of any county or incorporated town or city therein, to bid or enter into, or be in any way interested in, a contract for the working of any public road or street, the construction or building of any bridge, the erecting or building of any house, or for the performance of any other public work in which the said officer was a party to the letting, and any person who violates the provisions of his section shall be guilty of a misdemeanor of the first degree. . . .

The trial court found the language "'to be interested or be in any way interested in the contract or the work for any public road' . . . over broad in that the term 'in any way interested in' could very well include conduct which would indicate at best limited relationship of the accused with alleged criminal conduct." *Id.* at 38. The Florida Supreme Court reversed holding: "It has long been the policy of this Court, as between two or more possible constructions, to give a statute that interpretation which would support its constitutionality. In that posture, we construe the words 'interested in' . . . to mean a financial interest, personal to the accused, and not related to the community generally. With that construction, we find the statute to be not unconstitutional . . . ." *Id*. While we acknowledge the Florida Supreme Court's non-binding determination, this Court in *Murtes*, when faced with multiple constructions of the same word/phrase, found it warranted a finding of unconstitutional vagueness.

preventing a public servant from using his public office for private gain.[37] Additionally, BOE contends that looking at the plain meaning of the word "interest" as defined by Black's Law Dictionary, Merriam-Webster Dictionary, and Dictionary.com in the context of the statute makes clear the phrase concerns a financial or pecuniary interest.[38] Furthermore, BOE asserts that the facts indicate that Mr. Gachassin could have violated La. R.S. 42:1113(B) by entering into a contract under the supervision or jurisdiction of his agency; thus, there was no need to review the constitutionality of the phrase "be in any way interested."

Examining the phrase at issue in light of the facts, the undisputed evidence shows Mr. Gachassin, while the chairman and a board member of the LPTFA and acting in his capacity as President of Cartesian, entered into a project consultant agreement between Cartesian and Cypress Trails LP, which Cartesian honored, while the Cypress Trails project was under the supervision of LPTFA. La. R.S. 42:1113(B) clearly prohibited Plaintiffs from bidding on or entering into a contract or subcontract with Cypress Trails LP. However, EAB held Plaintiffs each violated section (B) of La. R.S. 42:1113 because they were "in any way interested in" the project consultant agreement with Cypress Trails LP to provide services on Cypress Trails, which finding was affirmed by the appellate court, and the judgment became final.

---

[37] BOE references La. R.S. 42:1111 (payments for nonpublic services prohibited); La. R.S. 42:1112 (prohibited participation in certain transactions where a substantial economic interest is present); La. R.S. 42:1113 (prohibited contractual arrangements); La. R.S. 42:1114 (financial disclosures); and, La. R.S. 42:1115 (prohibited gifts or things of economic value).

[38] BOE writes:

> Black's Law Dictionary defines "interest" to be the object of any human desire, especially, an advantage or profit of a financial nature (conflict of interest). An additional definition of "interest" includes the compensation fixed by agreement or allowed by law for the use or detention of money. *Black's Law Dictionary* 828 (8th ed. 2007). Merriam-Webster defines "interest" as an advantage or benefit and defines "interested" as being affected or involved. *Merriam-Webster.com Dictionary*, Merriam-Webster (2022). Dictionary.com defines "interested" as influenced by personal or selfish motives or having an interest or share, or having money involved. *Dictionary.com*, Random House (2022).

In *Murtes,* at issue was La. R.S. 48:422, which provided in part that "no member of the legislature or officer of the executive department of the state shall **be in any way interested in** any contract. . . ." This Court held that the words "'in any way interested' are so broad, general and vague as to fail to define the offense which the statute seeks to prohibit; and moreover it fails to constitutionally inform the purported offender of the action denounced as an offense." *Id*., 94 So.2d at 448.[39] It emphasized in pertinent part:

> The word 'interested' is defined in Webster's New International Dictionary, Second Edition, as: 1. Having the attention engaged; having emotion or passion excited; as an interested listener. 2. Having an interest; having a share or concern in some project or affair; involved; liable to be affected or prejudiced; as, an interested witness; having self-interest; not disinterested; as generosity proceeding from interested motives.
>     Conceivably the interest contemplated and intended to be prohibited by the statute could be a financial interest, but not an interest based on sentimental or ethical considerations alone. But the statute does not define so the term as used therein. It is further conceivable that interest which is a financial interest, which touches one's pocket, is apt to prejudice the judgment. Interest which amounts to mere sentiment, good-will, or civic-mindedness may, and perhaps in rare cases does, so color the judgment of some, but the danger in the latter respect is far more remote. **Manifestly the statute's failure to indicate, determine, or define the interest which it seeks to prohibit is conspicuously fatal.**

*Id*. at 447 (emphasis added). As in *Murtes*, the phrase "in any way interested in" set forth in La. R.S. 42:1113(B) is undefined by the Ethics Code or cases interpreting the Ethics Code.[40] Turning to the language of the phrase itself, the starting point in

---

[39] As the result of an application for rehearing, this Court clarified its decree and held:

> LSA-R.S. 48:422 insofar as it prohibits any member of the Legislature or officer of the Executive Department of the State from being 'in any way interested in any contract' for the building or improving of any highway or any other public work coming under the supervision of the Department of Highways or in any contract for the furnishing of any material or supplies of any kind to be used in connection therewith is hereby decreed to be unconstitutional . . . .

*Murtes*, 94 So.2d at 448-49.

[40] BOE argues the trial court erred in failing to follow the legal precedent in *Broussard v. Commission on Ethics for Public Employees*, 461 So.2d 1227 (La. App. 1 Cir. 1984). In *Broussard*, the plaintiff who entered into a subcontract with his agency was found in violation of La. R.S. 42:1113(B). On appeal, the plaintiff argued that La. R.S. 42:1113(B) can be construed to prohibit a great number of activities which were not reasonably related to the legislative goal in adopting the Ethics Code. The appellate court rejected the argument reasoning that "the various

23

interpreting any statute, we look to the common and approved usage of the undefined word "interested" in the context of the Ethics Code as a whole. *See* La. R.S. 1:3 ("Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language."); La. C.C. art. 10 ("When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law."); and, *Hopkins v. Howard*, 05-0732, p. 9 (La. App. 4 Cir. 4/5/06), 930 So.2d 999, 1005, *writ denied*, 06-1047 (La. 6/23/06), 930 So.2d 984 (quoting 2A Norman Singer, *Statutes and Statutory Construction* § 47:28 (6th ed.2000))("Dictionaries provide a useful starting point for determining what statutory terms mean, at least in the abstract, by suggesting what the legislature could have meant by using particular terms.").

---

prohibitions contained in Section 1113(B), which generally addresses the question of public servants, their families, and their companies entering into business transactions with the public servant's agency, are essential to the Legislature's goals in enacting the Code." *Id*. at 1234. The appellate court looked to the Ethics Code's declaration of policy set forth in La. R.S. 42:1101(B) to define the goals:

> It is essential to the proper operation of democratic government that elected officials and public employees be independent and impartial; that governmental decisions and policy be made in the proper channel of the governmental structure; that public office and employment not be used for private gain other than the remuneration provided by law; and[,] that there be public confidence in the integrity of government. The attainment of one or more of these ends is impaired when a conflict exists between the private interests of an elected official or a public employee and his duties as such. The public interest, therefore, requires that the law protect against such conflicts of interest and that it establish appropriate ethical standards with respect to the conduct of elected officials and public employees without creating unnecessary barriers to public service. It is the purpose of this Chapter to implement these policies and objectives.

*Id*. BOE asserts the appellate court in *Broussard* held "in any way interested" in La. R.S. 42:1113(B) was essential to the legislature's goals to protect the appearance of integrity of governmental agencies and processes, which supports a finding that the phrase is constitutional. Plaintiffs assert that BOE's reliance on *Broussard*, 461 So.2d 1227, is misplaced. They emphasize that the defendant in *Broussard* was found in violation of section (B) of La. R.S. 42:1113 because he entered into a subcontract with his agency; the phrase being challenged by Plaintiffs was not at issue. We agree *Broussard* is not dispositive of the issue before us. The violation in *Broussard,* entering into a subcontract with his agency, was specifically prohibited in La. R.S. 42:1113(B). The declaration of policy set forth in La. R.S. 42:1101(B) did not address what the meaning of "in any way interested in" included.

"Interested" in the phrase "**be in any way interested in**" is a verb. Black's Law Dictionary (2ⁿᵈ Edition) does not define the verb "interested," but defines the term "interested person" as "the term given to a concerned person or a person with a share in something." Merriam-Webster.com Dictionary (2023) defines "interest" the verb as "to arouse or hold the interest of" and "to persuade to participate or take part." Dictionary.com (2023) defines the verb "interest" as follows: a. "to engage or excite the attention or curiosity of"; b. "to concern (a person, nation, etc.) in something"; c. "to cause to take a personal concern or share; induce to participate"; and, d. "to cause to be concerned."

Looking to common and approved usage of the word "interested" in the phrase at issue in context of the Ethics Code as a whole, we find the phrase is unconstitutionally vague as applied to the facts in the instant case. Plaintiffs, as movers, proved they did not have a reasonable opportunity to know what conduct was prohibited under the phrase "in any way interested in." The phrase at issue prohibits no specific or definite act and "leaves open the widest conceivable inquiry, the scope of which no one can foresee and the result of which no one can foreshadow or adequately guard against." *Boyd*, 97-0579, p. 3, 710 So.2d at 1076-77 (citing *Powell*, 423 U.S. at 92; *L Cohen Grocery Co.*, 255 U.S. at 89). As emphasized by this Court in *Murtes*, "Courts can do no more than interpret and construe statutes. They cannot, under the guise of interpretation, assume legislative function." *Id.*, 94 So.2d at 448 (citation omitted).[41]

---

[41] Compare cases in which this Court rejected a vagueness challenge: *Glazer v. Comm'n on Ethics for Pub. Emps.*, 431 So.2d 752, wherein this Court rejected a vagueness challenge to an Ethics Code violation when this Court found the challenged terms were defined in the Ethics Code; and, *Med Exp. Ambulance Serv., Inc.*, 684 So.2d 359, wherein a vagueness challenge to Evangeline Parish Code Art. II, § 24-20 through 24-32, which set forth a regulatory scheme for ambulance services within Evangeline Parish, was upheld on the basis that, from the ordinances, an applicant knew the application process, and the ordinance provided objective standards for determining whether to issue a certificate of public convenience and necessity. *See also*, *Barber v. La. Workforce Comm'n*, 17-0844, p. 21 (La. App. 1 Cir. 10/19/18), 266 So.3d 368, 385, *writ denied*, 18-1878 (La. 2/18/19), 264 So.3d 451, *cert denied*, 140 S.Ct. 158 (2019), wherein the appellate court rejected the plaintiffs' assertion that the phrase "higher ranking" in LAC 40:I.2715(L) was impermissibly vague, reasoning testimony indicated the different levels of medical literature were

When the burden shifted to BOE, it failed to show genuine issues of material fact remain, and that it was entitled to summary judgment as a matter of law.

Thus, the trial court was correct in finding Plaintiffs established that the phrase "in any way interested in" was unconstitutionally vague as applied to them, in violation of Plaintiffs' federal and state constitutional right to due process. As the Plaintiffs established the phrase was unconstitutionally vague as applied to their conduct, the trial court was correct in finding, as in *Murtes*, the phrase unconstitutionally vague on its face in all of its applications. There are no set of circumstances under which the phrase "in any way interested in" as set forth in La. R.S. 42:1113(B) would be valid. *See State v. Webb*, 13-1681, pp. 6-7 (La. 5/7/14), 144 So.3d 971, 977 (quoting *Prejean v. Barousse,* 12-1177, p. 4 (La. 1/29/13), 107 So.3d 569, 571-72)("To challenge a legislative act as unconstitutional on its face is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exist under which the statute would be valid."). Accordingly, the trial court did not err in granting Plaintiffs' motion for summary judgment.

***BOE's Motion for Summary Judgment***

As Plaintiffs established they were entitled to summary judgment as a matter of law, the trial court's denial of BOE's summary judgment was warranted.[42]

---

described in the medical treatment schedule, and, while the process of locating higher ranking scientific medical literature may be difficult, it was not unclear as to what must be proved.

[42] Plaintiffs filed a motion to strike one of BOE's exhibits filed in support of its motion for summary judgment, EAB's decision. Plaintiffs alleged the exhibit was unsworn, unverified, and not properly attached to an affidavit. On appeal, Defendants complain the trial court erred by improperly considering Plaintiffs' *Motion to Strike.* First, the trial court's judgment was silent as to this issue. When a trial court judgment is silent as to a claim or demand, it is presumed the relief sought was denied. *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 12 (La. 7/1/08), 998 So.2d 16, 26 (citations omitted). Second, La. C.C.P. art. 966(D)(2) provides: "[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum." Comment (k) of the Revision Comments 2015 to Article 966 states that this "provision changes prior law by specifically removing the motion to strike as a means of raising an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and does not allow a party to file that motion." Finally, Plaintiffs do not argue the decision was incomplete or altered. Thus, Defendants' complaint is moot.

## CONCLUSION

The trial court erred in finding the phrase "in any way interested in" set forth in La. R.S. 42:1113(B) facially unconstitutionally overbroad; thus, that portion of the judgment is reversed. However, we find the trial court correctly determined the phrase was unconstitutionally vague as applied to Plaintiffs, in violation of Plaintiffs' federal and state constitutional right to due process, and unconstitutionally vague on its face in all of its applications. As a result, the phrase "or be in any way interested in" is hereby struck from La. R.S. 42:1113(B). We find the remainder of the statute remains viable and can stand.[43] Accordingly, the trial court's judgment is affirmed in part, amended in part, and affirmed as amended.

**AFFIRMED IN PART, AMENDED IN PART; AFFIRMED AS AMENDED, AND REVERSED IN PART.**

---

[43] In *State v. Azar*, 539 So.2d 1222, 1226 (La. 1989), this Court held in pertinent part:
> The unconstitutionality of one portion of a statute does not necessarily render the entire statute unenforceable. If the remaining portion of the statute is severable from the offending portion, this court may strike only the offending portion and leave the remainder intact." The test for severability is whether the unconstitutional portions of the statute are so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention manifested by the legislature in passing the act. *Cobb v. Louisiana Board of Institutions,* 237 La. 315, 111 So.2d 126 (1958).

In the present case, the phrase "or be in any way interested in" adds little, if anything, to the statute. Removal of the phrase will not affect the legislative intent behind section (B) of La. R.S. 42:1113.

SUPREME COURT OF LOUISIANA

No. 2023-CA-00398

THE CARTESIAN COMPANY, INC. AND GREG GACHASSIN

VS.

THE DIVISION OF ADMINISTRATIVE LAW ETHICS ADJUDICATORY
BOARD PANEL A AND THE LOUISIANA BOARD OF ETHICS

On Appeal from the Court of Appeal, First Circuit, Parish of East Baton Rouge

**CRICHTON, J., concurs in part and dissents in part and assigns reasons**:

I concur in the majority's finding that the language "in any way interested in" found in La. R.S. 42:1113(B) is not unconstitutionally overbroad. However, I disagree with the majority's conclusion that the phrase is unconstitutionally vague as applied to plaintiffs herein and "unconstitutionally vague on its face as to all of its applications." For the reasons that follow, I dissent.

As a general rule, statutes are presumed to be constitutional; therefore, the party challenging the validity of a statute has the burden of proving its unconstitutionality. *City of New Orleans v. Louisiana Assessors' Retirement and Relief Fund*, 05-2548 (La. 10/1/07), 986 So. 2d 1. Furthermore, "[t]o challenge a legislative act as unconstitutional on its face is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exist under which the statute would be valid." *State v. Webb*, 13-1681, p. 6-7 (La. 5/7/14), 144 So. 3d 971, 977, quoting *Prejean v. Barousse*, 12-1177, p. 4 (La. 1/29/13), 107 So. 3d 569, 571-72. In my view, plaintiff in these circumstances has not met this heavy burden of establishing that the phrase "in any way interested in" is vague such that he, a person of above-ordinary intelligence serving on the Board of Trustees for the Lafayette Public Trust Financing Authority ("LPTFA"), did not have a reasonable opportunity to know that he is prohibited from bidding on or entering

1

into a contract or subcontract which would "in any way" be of interest to him. Plaintiff knowingly entered into development and construction projects that were under the supervision or jurisdiction of LPTFA and which financially benefitted his own company to the tune of nearly $1,000,000. The record before us establishes that plaintiff is not an inexperienced businessperson and, in my view, is very much the "person of ordinary intelligence" that the law contemplates. Thus, I find plaintiff's argument that he did not have a reasonable opportunity to know that his conduct was prohibited disingenuous.

Finally, I find the majority's reliance on the decades old case of *State v. Murtes*, 232 La. 486 (1957), *reh'g denied*, 2/25/57, unpersuasive. In *Murtes*, this Court found similar language in La. R.S. 48:422, a criminal statute addressing the prohibition of a member of the legislature or executive department of the state from being "in any way interested in" any contract for the building or improving of a highway or public work under the supervision of the Department of Highways, unconstitutionally vague. Specifically, the Court found "the words of the statute 'in any way interested' are so broad, general and vague as to fail to define the offense which the statute seeks to prohibit; and moreover it fails to constitutionally inform the purported offender of the action denounced as an offense." *Id.* at 492. Not only does the Court's *Murtes* decision predate the United States Supreme Court's more recent guidance on constitutional analyses, as noted by Justice Crain in his partial dissent, the Court in *Murtes* did not strike the language from the statute (as the majority has done in this instance). Notably, La. R.S. 48:422 has not been revised and currently maintains the same language.[1]

---

[1] La. R.S. 48:422 presently provides:

> Except as otherwise provided in this Section, no member of the legislature or officer of the executive department of the state shall be in any way interested in any contract for the building or improving of any public work coming under the supervision of the Department of Transportation and Development or in any contract for the furnishing of any material or supplies of any kind to be used in

2

Accordingly, I find the majority incorrectly concludes the phrase "in any way interested in" is unconstitutionally vague such that it warrants striking that language from the statute. I would vacate the trial court's ruling and find La. R.S. 42:1113(B) constitutional in its entirety.

---

connection therewith, nor shall any such member or officer receive any gratuity, commission, or payment of any sort as compensation for the procurement of any such contract.

Nothing contained in this Section prohibits members of the legislature or officers of the executive department of the state who are licensed contractors under the laws of this state from bidding on any contract for the building or improving of any public work coming under the supervision of the Department of Transportation and Development nor from being awarded such contracts on a competitive basis as provided by law.

Whoever violates the provisions of this Section shall be fined not more than one thousand dollars or imprisoned for not more than twelve months, or both, and shall be removed from his position by the governor if he is an officer of the executive department.

# SUPREME COURT OF LOUISIANA

## No. 2023-CA-00398

## THE CARTESIAN COMPANY, INC. AND GREG GACHASSIN

## VS.

## THE DIVISION OF ADMINISTRATIVE LAW ETHICS ADJUDICATORY BOARD PANEL A AND THE LOUISIANA BOARD OF ETHICS

On Appeal from the Court of Appeal, First Circuit, Parish of East Baton Rouge

**CRAIN, J.**, concurring in part, dissenting in part.

I agree the statutory language at issue is not unconstitutionally overbroad. I disagree with the majority's conclusion the provision is unconstitutionally vague.

A statute is unconstitutionally vague if an ordinary person of reasonable intelligence is not capable of discerning its meaning and conforming his conduct to it. *State v. Barthelemy*, 545 So. 2d 531, 532 (La. 1989). A law must give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498; 102 S.Ct. 1186, 1193; 71 L.Ed.2d 362 (1982). When, as here, First Amendment freedoms are not implicated, a vagueness challenge must be examined in light of the facts of the case at hand. *See United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); *State v. Hair*, 00-2694 (La. 5/15/01), 784 So. 2d 1269, 1273. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman*, 455 U.S. at 495; 102 S.Ct. at 1191. A court should thus examine the complainant's conduct before analyzing other hypothetical applications of the law. *Village of Hoffman*, 455 U.S. at 495; 102 S.Ct. at 1191.

Louisiana Revised Statute 42:1113B provides that "no appointed member of any board . . . or legal entity in which he has a substantial economic interest shall bid on or enter into or be in any way interested in any contract . . . which is under the supervision or jurisdiction of the agency of such appointed member." Greg Gachassin was chairman of a public financing authority involved in the development of two affordable housing projects. It is undisputed the housing projects and various contracts related thereto fell under the supervision and jurisdiction of the financing authority chaired by Gachassin. Acting through his wholly owned company, Gachassin entered lucrative consulting agreements for both projects that ultimately paid him a total of $1,000,000.

Looking at the language of Section 1113B, a person of ordinary intelligence can reasonably discern that the substantial compensation to be received by Gachassin for consulting on the housing projects made him "interested in any contract" under the financing authority's supervision and jurisdiction. *See Village of Hoffman*, 455 U.S. at 498; 102 S.Ct. at 1193; *Hair*, 784 So. 2d at 1273; *Barthelemy*, 545 So. 2d at 532. The law thus gave Gachassin "fair notice that his contemplated conduct is forbidden." *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162; 92 S.Ct. 839, 843; 31 L.Ed.2d 110 (1972); *State v. Comeaux*, 319 So. 2d 897, 899 (La. 1975). Because Gachassin engaged in conduct clearly proscribed by Section 1113B, he cannot complain the law is unconstitutionally vague. *See Village of Hoffman*, 455 U.S. at 495; 102 S.Ct. at 1191; *State v. Hair*, 784 So. 2d at 1273.

This case is factually distinguishable from *State v. Murtes*, 232 La. 486; 94 So.2d 446 (1957), which involved a criminal statute subject to greater scrutiny. *See Village of Hoffman*, 455 U.S. at 498-99; 102 S.Ct. 1186, 1193 ("The Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe.") Unlike the

defendant in *Murtes*, Gachassin also had the opportunity to get an advisory opinion from the Board of Ethics before engaging in his questionable conduct. *See* La. R.S. 42:1134E; *Duplantis v. Louisiana Bd. of Ethics*, 00-1750 (La. 3/23/01), 782 So. 2d 582, 586. Less scrutiny is applied to an allegedly vague law where "the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process." *Village of Hoffman*, 455 U.S. at 498; 102 S.Ct. at 1193; *Med Express Ambulance Serv., Inc. v. Evangeline Parish Police Jury*, 96-0543 (La. 11/25/96), 684 So. 2d 359, 367. Lastly, *Murtes* predated a host of cases from the U.S. Supreme Court and this court providing greater clarity for the appropriate legal standards used to determine if a law is unconstitutionally vague. *See e.g. Village of Hoffman*, 455 U.S. at 498; 102 S.Ct. at 1193; *United States v. Powell,* 423 U.S. at 92, 96 S.Ct. at 319-20; *State v. Hair*, 784 So. 2d at 1273; *Med Express Ambulance*, 684 So. 2d at 367; *State v. Comeaux*, 319 So. 2d at 899.

Given the facts of this case, the phrase "in any way interested in any contract," as used in La. R.S. 42:1113B, is not unconstitutionally vague. I would reverse the summary judgment granted to plaintiffs and grant summary judgment to defendants declaring La. R.S. 42:1113B constitutional.